RECEIVED
IN LAKE CHARLES, LA
JUL 1 5 2005
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| UNITED STATES OF AMERICA | : | DOCKET NO. 2:03 CR 20046-001 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| LINDA G. HIMEL | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM RULING

Presently before the court is the issue of an upward departure. The court issued a notice to counsel that an upward depature was going to be considered at sentencing.

The sentencing guidelines permit departure where there is "an aggravating ... circumstance of a kind ... not adequately taken into consideration by the Sentencing Commission in formulating the guidelines...." U.S.S.G. § 5K2.0, quoting 18 U.S.C. § 3553(b); *see also United States v. Ocasio*, 914 F.2d 330, 334 (1st Cir.1990).

In this case the defendant, Linda Himel, testified on behalf of her husband, also her co-defendant, who was being prosecuted for harboring and bringing in illegal aliens. Himel's testimony, if believed, made it abundantly clear that she traveled to Mexico and actually recruited people to work at her restaurant in the United States. She promised them a job and provided a place to live. She enticed others to break the law for her own profit. She also placed her husband in danger of being deported from this country.

Although Himel was not charged with the separate offense of alien smuggling, the sentencing guidelines permits the court to consider uncharged conduct related to the offense of

conviction. *See United States v. Sklar*, 920 F.2d 107, 110 (1st Cir.1990) (guidelines permit departures for related uncharged conduct); *see also United States v. Kim*, 896 F.2d 678, 681-684 (2d Cir.1990) (same). As the offense of conviction (harboring illegal aliens) was committed "in order to facilitate ... the commission of another offense [hiring illegal aliens]," U.S.S.G. § 5K2.9, the court is permitted to "increase the sentence above the guideline range to reflect the actual seriousness of the defendant's conduct." *Id.*

It is the active recruitment of innocent people in Mexico that most concerns this court. These circumstances distinguish this case from the run of the mill offense of harboring aliens. *United States v. Aguilar-Pena*, 887 F.2d 347, 350 (1st Cir.1989). Ms. Himel, by her own testimony, did much more than give these men a place to stay while they were in the United States illegally.

The evidence was also abundantly clear that Ms. Himel did not do this only once. Special agents also picked up aliens living in her apartment and who were employed by Himel in 1999 and 2002. There were many times over the years that she enticed people into the country and then harbored them. She was not charged with this activity in 1999 or 2002. Guideline section 4A1.3(e) permits upward departure where reliable information indicates that a defendant's "criminal history category does not adequately reflect the seriousness of the defendant's past criminal conduct" because of "prior similar adult conduct not resulting in a criminal conviction." She states in her objections to the PSR that she did not know that employing these men was illegal, but after hearing her testimony on behalf of her husband, this assertion is simply not credible.

Finally, the sentencing guidelines recognize that the recency of a prior offense may be considered an indicator of increased likelihood of recidivism, exacerbating the seriousness of a

considered an indicator of increased likelihood of recidivism, exacerbating the seriousness of a defendant's criminal history. *See* U.S.S.G. § 4A1.1(e) (permitting two-point increase in criminal history to reflect recency of offense); *U.S. v. Figaro*, 935 F.2d 4, 6 -7 (C.A.1 (Puerto Rico),1991).

This sentence is the product of an upward departure comprised of separate increments determined pursuant to § 4A1.3 (criminal history) and § 5K2.0 (relevant conduct). While the court is required to refer to the next criminal history category in considering a departure pursuant to § 4A1.3, an upward departure pursuant to § 5K2.0 typically results in an increase in the offense level. *Aymelek*, 926 F.2d 64, 70 (CA1 1991) (discussing the relation of the two types of departures). In an appropriate case, *see, e.g., Aymelek*, 926 F.2d at 70; *United States v. Rodriguez-Cardona*, 924 F.2d 1148, 1157 (1st Cir.1991), an amalgamation of both types of departure is permissible. Yet the more unrepresentative the guideline criminal history category and the guideline offense level, the more substantial the departure reasonably required to reflect the true seriousness of the criminal conduct and the culpability of the particular defendant.

With a departure under § 4A1.3 (criminal history), the Criminal History will increase to Cat II. Himel's offense level will increase to the equivalent of 16. Based upon the totality of the circumstances 24 months is an appropriate sentence.

Lake Charles, Louisiana, this 18 day of November, 2004.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3